UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **CV 15-3203 DMG (PLAx)** | Date | July 10, 2015 |
| Title | *Stephanie R. Gold v. Medartis, Inc.* | Page | 1 of 7 |

Present: The Honorable    DOLLY M. GEE, UNITED STATES DISTRICT JUDGE

| KANE TIEN | NOT REPORTED |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff(s) | Attorneys Present for Defendant(s) |
|---|---|
| None Present | None Present |

**Proceedings: IN CHAMBERS—ORDER RE: PLAINTIFF'S MOTION TO REMAND [9]**

**I.
FACTUAL AND PROCEDURAL BACKGROUND**

On December 11, 2014, Plaintiff Stephanie R. Gold filed a Complaint against Medartis, Inc. in Los Angeles County Superior Court alleging (1) employment discrimination; (2) failure to engage in a timely good faith interactive process; (3) failure to provide reasonable accommodation; (4) retaliation; (5) failure to take all reasonable steps necessary to prevent discrimination from occurring; (6) wrongful termination in violation of public policy; and (7) intentional infliction of emotional distress. (Notice of Removal, Ex. A ("Complaint") [Doc. # 1-1.]) Gold's claims relate to Medartis's alleged failure to accommodate her through a requested leave of absence after she suffered injuries from falling down a flight of stairs and her ultimate termination by Medartis while she was on medical leave. (*Id.*)

The Complaint states that the "Amount demanded exceeds $25,000.00." (Complaint at 1.) Gold seeks compensatory damages including, but not limited to, past and future lost wages and benefits, emotional distress damages, declaratory and injunctive relief, including reinstatement, reasonable attorneys' fees, cost of suit, exemplary and punitive damages according to proof, and any other relief the court considers proper. (*Id.* at 12, Prayer for Relief.)

On February 5, 2015, Gold mailed the Summons and Complaint to the "President and CEO, Medartis Inc." at 127 West Street Road, Suite 203, Kennett Square, Pennsylvania, 19348 ("Kennett Square address"). (Declaration of Hider Al-Mashat ("Al-Mashat Decl.") ¶ 3 [Doc. # 9 at 7].) This is the address where Medartis was registered with the Pennsylvania Secretary of State. (*Id.*; Ex. 2 (Pennsylvania Department of State Business Entity information page for Medartis, Inc., printed on May 27, 2015).) Gold has produced no signed return receipt and has submitted no other evidence of actual receipt of service by Medartis at that time.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 15-3203 DMG (PLAx)** | Date | July 10, 2015 |
|---|---|---|---|
| Title | *Stephanie R. Gold v. Medartis, Inc.* | Page | 2 of 7 |

Medartis was located at the Kennett Square address during Gold's employment, but left that location in April of 2013 when it moved to 224 Valley Creek Boulevard, Suite 100, Exton, PA 19341 ("Exton address"). (Declaration of Richard Danoff ("Danoff Decl.") ¶ 2 [Doc. # 10-2.].) On March 25, 2015, Gold mailed a copy of the Summons and Complaint to Medartis's "Human Resources" office at the Exton address. (Al-Mashat Decl. ¶ 4.)

On April 20, 2015, Medartis filed an Answer to the Complaint in Los Angeles County Superior Court. (Notice of Removal, Ex. B [Doc. # 1-2.]) On April 29, 2015, Medartis filed a Notice of Removal to this Court on the basis of diversity jurisdiction. (Notice of Removal.)

On May 29, 2015, Gold filed a motion to remand this case to state court on the grounds that (1) Medartis failed to timely remove this action pursuant to 28 U.S.C. §1446(b) and (2) Medartis has failed to prove that the amount in controversy exceeds $75,000 pursuant to 28 U.SC. § 1332. [Doc. # 9.] On June 5, 2015, Medartis filed an Opposition. [Doc. # 10.] On June 12, 2015, Gold filed a Reply. [Doc. # 11.]

## II.
## LEGAL STANDARD

Pursuant to 28 U.S.C. section 1332, a district court shall have jurisdiction over a civil action where the matter in controversy exceeds the sum or value of $75,000 and there is complete diversity of citizenship between the parties. A civil action brought in a state court over which a federal district court has original jurisdiction may be removed by the defendants to a district court where such an action could have been brought. 28 U.S.C. §1441.

The notice of removal of a civil action shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action is based. 28 U.S.C. § 1446(b)(1). The 30-day period to remove a case commences with formal service on the defendant. *Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354, 119 S. Ct. 1322, 1328, 143 L. Ed. 2d 448 (1999). Whether service has been properly effected is determined by the relevant state provisions for service and filing of the complaint and summons. *Id*. Failure to remove an action within 30 days waives a party's right to remove. *Cantrell v. Great Republic, Inc.*, 873 F.2d 1249, 1256 (9th Cir. 1989).

The Ninth Circuit "strictly construe[s] the removal statute against removal jurisdiction." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (internal citation omitted); *see also Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689, 698 (9th Cir. 2005) ("removal statutes should be construed narrowly in favor of remand to protect the jurisdiction of state courts.") "Federal

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **CV 15-3203 DMG (PLAx)** | Date | July 10, 2015 |
| Title | *Stephanie R. Gold v. Medartis, Inc.* | Page | 3 of 7 |

jurisdiction must be rejected if there is *any doubt* as to the right of removal in the first instance." *Gauss* at 566 (internal citation omitted) (emphasis added).

The Supreme Court has drawn a distinction between original jurisdiction and removal jurisdiction:

> [I]n cases brought in the federal court . . . [i]t must appear to a legal certainty that the [plaintiff's] claim is really for less than the jurisdictional amount to justify dismissal. . . . A different situation is presented in the case of a suit instituted in a state court and thence removed. There is a strong presumption that the plaintiff has not claimed a large amount in order to confer jurisdiction on a federal court or that the parties have colluded to that end.

*St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288-290, 58 S. Ct. 586, 82 L. Ed. 845 (1938).

"The strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." *Gaus*, 980 F.2d 564 at 566. In considering whether the removing defendant has satisfied its burden, the court "may consider facts in the removal petition, and may require parties to submit summary-judgment-type evidence relevant to the amount in controversy at the time of removal." *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997) (internal citation and quotation marks omitted).

"If it is *unclear* what amount of damages the plaintiff has sought . . . then the defendant bears the burden of actually proving the facts to support jurisdiction." *Id.* at 566-67 (emphasis in original). In cases where a complaint does not specify a particular amount of damages, the removing defendant bears the burden of establishing by a preponderance of the evidence that it is "more likely than not" that the amount in controversy is greater than $75,000. *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 698 (9th Cir. 2007). "Removal cannot be based simply upon conclusory allegations where the [complaint] is silent" as to the amount of damages." *Id.* "The jurisdictional minimum may be satisfied by claims for special and general damages, attorneys' fees and punitive damages." *Simmons v. PCR Tech.*, 209 F. Supp. 2d 1029, 1031 (N.D. Cal. 2002). "To establish probable punitive damages, defendant may introduce evidence of jury verdicts in cases involving analogous facts." *Id.* (internal citation omitted).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | CV 15-3203 DMG (PLAx) | Date | July 10, 2015 |
|---|---|---|---|

| Title | *Stephanie R. Gold v. Medartis, Inc.* | Page | 4 of 7 |
|---|---|---|---|

# III.
# DISCUSSION

**A.    Timeliness**

The California Code of Civil Procedure establishes the following requirements for service of an out-of-state corporation:

> A summons may be served on a person outside this state in any manner provided by this article or by sending a copy of the summons and of the complaint to the person to be served by first-class mail, postage prepaid, requiring a return receipt. Service of a summons of this form of mail is deemed complete on the 10th day after such mailing.

Cal. Civ. Proc. Code § 415.40.

> A summons may be served on a corporation by delivering a copy of the summons and the complaint . . . [t]o the president, chief executive officer, or other head of the corporation, a vice president, a secretary or assistant secretary, a treasurer a controller or chief financial officer, a general manager, or a person authorized by the corporation to receive service of process.

Cal. Civ. Proc. Code §416.10(b).

> Proof that a summons was served on a person outside this state shall be made . . . [i]f served in a manner specified in a statute of this state . . . and if service is made by mail pursuant to Section 415.50, proof of service shall include evidence satisfactory to the court establishing actual delivery to the person to be served, by a signed return receipt or other evidence.

Cal. Code. Civ. P. §417.20(a).

California law requires strict compliance with the service-by-mail requirements. *Lee v. Placer Title Co.*, 28 Cal. App. 4th 503, 509, 33 Cal. Rptr. 2d 572 (1994), *as modified* (Sept. 20, 1994) ("Successful service by mail requires strict compliance with all statutory requirements [and] the failure to comply deprives a court of jurisdiction to act."). Applying similar principles, the Ninth Circuit has found that "even though the defendant receives actual notice by mail, there is no valid service unless the acknowledgment is timely returned." *Worrell v. B .F. Goodrich*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **CV 15-3203 DMG (PLAx)** | Date | July 10, 2015 |
| Title | *Stephanie R. Gold v. Medartis, Inc.* | Page | 5 of 7 |

*Co.*, 845 F.2d 840, 841 (9th Cir.1988) (service fails unless defendant returns acknowledgment form).

Gold contends that it "had no way of knowing [of Medartis's change of address] prior to serving Defendant." Reply at 1. Gold cites *Dill v. Berquist Construction Co.*, 24 Cal. App. 4th 1426, 1443 (1994), in support of the proposition that, because Gold has directed her service to persons who could accept service under state statute and served Medartis at its principal place of business as registered with the Pennsylvania Secretary of State, Gold has complied with the statutory requirements. *Dill* stands for no such proposition. The *Dill* court expressly states that the "presumption [that service was proper] arises only if the proof of service complies with the statutory requirements regarding such proofs."[1] *Dill*, 24 Cal. App. 4th at 1442. There is no authority holding that because a plaintiff has no way of knowing of a defendant's change of address, service by mail may be effected without a return receipt. Gold was evidently able to determine Medartis's new address by March 25, 2015, when it mailed a copy of the Complaint and Summons to the Exton address. The purpose of the service requirements is that a defendant receive actual notice of a proceeding against it, not that plaintiff be spared the work of ascertaining the correct address for a corporate defendant.

Because Gold did not receive a signed return receipt from Medartis upon mailing the Summons and Complaint to the Kennett Square address, she did not comply with the statutory requirements for proof of service. Gold has not otherwise produced evidence satisfactory to the court establishing actual delivery of the Complaint and Summons to Medartis prior to March 25, 2015. Circumstantial evidence supports the conclusion that Medartis was not aware of this case until after being served at the Exton address. Having taken no action until that point, Medartis promptly filed an answer and notice of removal within a month of receiving service at the Exton address.

California requires strict compliance with its service-by-mail statutory requirements. Gold failed to comply with these statutory requirements until its mailing of the summons and complaint to Medartis at the Exton address on March 25, 2015. Per California Code of Civil Procedure section 415.40, service is deemed complete within 10 days of such a mailing, i.e., April 4, 2015. Medartis filed the Notice of Removal on April 29, 2015, within the allotted 30 days for such a filing. The Notice of Removal was timely.

---

[1] Notably, in *Dill*, defendants did not deny that they actually received the summons and complaint, had notice of the litigation or that their representatives actually signed the respective acknowledgements of receipt. 24 Cal. App. 4th at 1445-46 (Hollenhorst, J., dissenting).

| | | |
|---|---|---|
| CV-90 | **CIVIL MINUTES—GENERAL** | Initials of Deputy Clerk KT |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 15-3203 DMG (PLAx) | Date | July 10, 2015 |
| Title | *Stephanie R. Gold v. Medartis, Inc.* | Page | 6 of 7 |

### B. Amount in Controversy

The amount in controversy is not clear from the face of the Complaint. Medartis therefore bears the burden of showing by a preponderance of the evidence that it is "more likely than not" that the amount in controversy is over $75,000. *Guglielmino*, 506 F.3d at 698.

Medartis submits the following evidence in support of its contention that the amount in controversy exceeds $75,000: Plaintiff received (1) a salary of $6,333.33 per month; (2) commissions averaging $2,900 per months; and (3) a car allowance of $600 per month at the time she commenced her leave of absence in 2012. (Danoff Decl. ¶ 6, Ex. C.). Given that Plaintiff was terminated on December 14, 2012, Medartis calculates that the amount in controversy related to economic damages alone is $50,729.91 to date. (Opp. at 6.)

Gold also seeks to recover emotional distress damages, reasonable attorneys' fees, cost of suit, exemplary and punitive damages according to proof, and any other relief the court considers proper. "The jurisdictional minimum may be satisfied by claims for special and general damages, attorneys' fees and punitive damages." *Simmons v. PCR Tech.*, 209 F. Supp. 2d 1029, 1031 (N.D. Cal. 2002); *see also Brady v. Mercedes-Benz USA, Inc.*, 243 F. Supp. 2d 1004, 1010-11 (N.D. Cal. 2002) ("a reasonable estimate of [attorney's] fees likely to be recovered may be used in calculating the amount in controversy"). "To establish probable punitive damages, defendant may introduce evidence of jury verdicts in cases involving analogous facts." *Id.* (internal citation omitted).

Courts "may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue." *United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992). Medartis has submitted evidence of a number of similar California employment-related disability discrimination cases in which the verdicts far exceeded $75,000. [Declaration of Stephen M. MacPhail ("MacPahil Decl.") ¶ 2, Ex. 1 (*Bonzani, M.D. v. McDonald*, 2014 WL 8734954 (E.D. Cal. Oct. 30, 2014)) ($675,238 verdict) [Doc. # 10-6]; McPhail Decl. ¶ 3, Ex. 2 (*Rose v. Petsmart Inc.*, 2014 WL 7714802 (Cal. Sup. Ct. Sep. 16, 2014) ($550,000 verdict) [Doc. # 10-7]; McPhail Decl. ¶ 4, Ex. 3 (*Rivera v. Costco Wholesale Corp.*, 2014 WL 8108415 (Cal Sup. Ct. Nov. 4, 2014)) ($1,686,500 verdict); McPhail ¶ 5, Ex. 4 (*Rogers v. Amgen, Inc.*, 2014 WL 5472892 (Cal. Sup. Ct. Aug. 20, 2014)) ($449,315 settlement)].

On the basis of these documents, Defendants have met their burden of showing that the amount in controversy is "more likely than not" to be over $75,000. *See Simmons*, 209 F. Supp. at 1033 (even where "cited cases involve distinguishable facts . . . the jury verdicts in these cases

| | | |
|---|---|---|
| CV-90 | **CIVIL MINUTES—GENERAL** | Initials of Deputy Clerk KT |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | CV 15-3203 DMG (PLAx) | Date | July 10, 2015 |
|---|---|---|---|
| Title | *Stephanie R. Gold v. Medartis, Inc.* | Page | 7 of 7 |

amply demonstrate the potential for large punitive damage awards in employment discrimination cases").

In spite of the presumption against removal, Medartis has met its burden of establishing that the removal of this case was timely, and that the amount in controversy "more likely than not" exceeds $75,000.

### IV.
### CONCLUSION

In light of the foregoing, Plaintiff's motion to remand is **DENIED**.

**IT IS SO ORDERED.**